# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DRIFTLESS AREA LAND CONSERVANCY and WISCONSIN WILDLIFE FEDERATION,<br><br>              Plaintiffs,<br><br>v.<br><br>COMMISSIONER MICHAEL HUEBSCH, REBECCA VALCQ, COMMISSIONER ELLEN NOWAK, and PUBLIC SERVICE COMMISSION OF WISCONSIN,<br><br>              Defendants. | Case No. 20-MC-44-JPS<br><br><br>**ORDER** |

      On October 30, 2020, Robert Garvin ("Movant") filed a motion to quash a subpoena in this Court, seeking relief from a subpoena issued by the U.S. District Court for the Western District of Wisconsin in Case No. 19-CV-1007. (Docket #1, #2). On October 31, 2020, Plaintiffs Driftless Area Land Conservancy and Wisconsin Wildlife Federation filed an expedited non-dispositive motion to transfer this subpoena dispute to the U.S. District Court for the Western District of Wisconsin. (Docket #4). On November 9, 2020, Movant responded that he consents to the transfer of his pending motion to quash. (Docket #5). For the reasons explained below, the Court will grant the motion to transfer the case.

      Generally, a motion to quash a subpoena should be filed in "the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure 45(f) permits the "court where compliance is required" to transfer a motion to quash a subpoena "to the issuing court . . .

if the court finds exceptional circumstances." A court "weighing transfer under Rule 45(f) must carefully balance the 'interest of the nonparty in obtaining local resolution of [a subpoena-related] motion' against the interest 'in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.'" *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Courts consider whether the transferee judge will be more familiar with the legal and factual issues at play, as well as the consequences that the motion to quash might have on the litigation. *Id.* (quoting *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015)).

Here, the underlying case involves Plaintiffs' challenge to a decision by the Public Service Commission of Wisconsin. The subpoena at issue requires that Movant, a nonparty to the lawsuit, give deposition testimony via remote video conferencing. If forced to appear, Movant claims that he plans to appear from his home in Delafield in Waukesha County, Wisconsin. Thus, Movant argues in his motion to quash that the Eastern District of Wisconsin is the proper court to hear the motion because it is "the district where compliance is required." (Docket #2 at 11 (quoting Fed. R. Civ. P. 45(d)(3)(A)).

During the almost year-long pendency of this case, the U.S. District Court for the Western District of Wisconsin has issued similar subpoenas to third parties in this case, resolved multiple discovery-related motions, and is considering several more discovery-related motions currently pending before it. The U.S. District Court for the Western District of Wisconsin is more familiar with the underlying issues at play in this case. Further, Movant does not oppose the transfer of this case to the U.S. District

Court for the Western District of Wisconsin and does not express interest in obtaining resolution of this matter in the Eastern District of Wisconsin as opposed to the Western District of Wisconsin.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to transfer the case to the U.S. District Court for the Western District of Wisconsin (Docket #4) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the action be and the same is hereby **TRANSFERRED** to the U.S. District Court for the Western District of Wisconsin for all further proceedings.

The Clerk of the Court is directed to take all appropriate steps to effectuate the transfer of this matter to the U.S. District Court for the Western District of Wisconsin.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge